IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-83727-TJM |
| | ) | |
| DANIEL LEE JUST, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Hearing was held in Omaha, Nebraska, on April 28, 2008, on a Motion for Sanctions for Violation of Automatic Stay of co-debtor (Fil. #34), and a Resistance filed by creditor General Collection Co., Inc. (Fil. #35). David G. Hicks appeared for Debtor and Frances Just, co-debtor, and James Truell appeared for General Collection Co., Inc. ("General Collection").

This case was filed as a Chapter 7 proceeding on September 19, 2005. At the time of filing, Debtor was indebted to Chase Bank on a credit card account. Although Debtor asserts that his non-debtor spouse, Frances Just, "had not been a co-obligor or joint account holder on that account," Debtor does acknowledge that a credit card for that account had been issued in her name. In any event, Debtor was aware that Chase Bank considered Frances Just to be an obligor on the account and, therefore, she was listed in Schedule H as a co-debtor on the Chase Bank account. On February 14, 2006, Debtor converted his case to Chapter 13.

At some point (date not in the record), General Collection purchased the delinquent account from Chase Bank. On September 17, 2007, General Collection initiated a collection lawsuit against Frances R. Just in the County Court of Sarpy County, Nebraska. On November 7, 2007, former counsel for General Collection mailed a Request for Default Judgment to the County Court of Sarpy County. On November 8, 2007, Debtor's counsel filed a Suggestion in Bankruptcy in the Sarpy County case. Notwithstanding the Suggestion in Bankruptcy, the Sarpy County Court entered the default judgment on November 16, 2007. In February 2008, former counsel for General Collection caused garnishment interrogatories to be issued in an attempt to collect the default judgment against Ms. Just. Mr. Truell was subsequently hired to represent General Collection and immediately terminated the garnishment proceeding and no funds were ever collected by General Collection as a result of the attempt to garnish.

According to an affidavit of an employee of General Collection (Fil. #37), the company and its employees were not aware that Debtor was involved in a bankruptcy proceeding until the Suggestion in Bankruptcy had been filed. Frankly, I find that claim to be somewhat suspect since Debtor was not included as a defendant in the lawsuit filed by General Collection in September 2007. If General Collection truly considered Debtor and Frances Just to be co-debtors on the account, there would not have been a reason for excluding Mr. Just from the lawsuit unless General Collection was aware of his bankruptcy filing. In any event, it is clear that at the time General Collection caused garnishment interrogatories to be issued in February 2008, it was fully aware of the pending Chapter 13 case of Debtor.

Chapter 13 of the Bankruptcy Code includes an automatic co-debtor stay. 11 U.S.C. § 1301. Therefore, the actions of General Collection violated the co-debtor's stay. Mr. Hicks has represented Ms. Just in connection with this motion, as well as proceeding to vacate the default judgment in the County Court of Sarpy County. Mr. Hicks has submitted an affidavit (Fil. #42) that the attorney's fees and costs incurred as a result of such activity are $2,697.60.

IT IS, THEREFORE, ORDERED:  As a sanction for violating the automatic stay, General Collection is ordered to pay attorney's fees and costs to Mr. Hicks in the amount of $2,697.60 within ten days from the date of this Order.

DATED:  May 6, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
*David G. Hicks
James Truell
Kathleen Laughlin
U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.

-2-